UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASHLEY A. LENARTSON,          )<br>                              )<br>        Plaintiff             )<br>                              )<br>v.                            )    No. 2:24-cv-00267-LEW<br>                              )<br>THE SUPREME JUDICIAL          )<br>COURT OF PORTLAND, MAINE,    )<br>et al.,                       )<br>                              )<br>        Defendants            )| |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Ashley A. Lenartson filed a pro se complaint against "The Supreme Judicial Court of Portland, Maine," Carol Anne Silvius, Helen M. Hall, Andrea Turner, Cumberland County Assistant District Attorney (ADA) Grant Whelan, Maine Superior Court Justice Deborah Cashman, and the State of Maine. *See* Complaint (ECF No. 1). Because I granted his motion to proceed in forma pauperis, *see* ECF No. 3, Lenartson's complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

As far as can be gleaned from Lenartson's disjointed and confusing complaint, he was charged in state court with assaulting Hall and was ultimately required to pay a $300 fine. *See* Complaint at 5. He contends that the Defendants—who, apart from Hall, appear to be witnesses and individuals and entities involved in the state court proceedings—violated his rights under the First and Fourth Amendments to be himself as a gay man. *See id.* at 3. He asserts that he has "been embarrassed and

1

put thr[ough] the coals etc. as a Sacrificial Victim." *Id.* at 4. He seeks damages for his pain and suffering. *See id.* at 5.

Lenartson's complaint is subject to dismissal for several reasons.

First, the State of Maine, the Maine Supreme Judicial Court, Justice Cashman, and ADA Whelan are all immune from suit. *See Doyle v. State of Maine*, No. 2:15-cv-00078-JAW, 2015 WL 5813312, at *1 (D. Me. Oct. 5, 2015) (holding that the State of Maine is immune from liability under 42 U.S.C. § 1983); *Harmon v. Bullock*, 21 F. App'x 9, 10 (1st Cir. 2001) (holding that a state trial court "is a state entity . . . immune from § 1983 liability"); *Malachowski v. City of Keene*, 787 F.2d 704, 710-11 (1st Cir. 1986) (noting that state court judges and prosecutors enjoy absolute immunity from section 1983 liability for actions taken in their official capacities).

Second, Lenartson does not cogently allege that the remaining Defendants were acting under color of state law. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006) ("To state a viable section 1983 claim, a plaintiff first must identify an act or omission undertaken under color of state law." (cleaned up)).

And finally, even with a liberal reading, Lenartson complaint lacks sufficient detail to state a plausible claim for relief against any of the Defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020) (noting that even pro se complaints must contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest).

For these reasons, I recommend that the Court **DISMISS** Lenartson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 29, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge